UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARCENA CHAVEZ,<br><br>          Plaintiff,<br><br>v.<br><br>CITI MORTGAGE INC., *et al.*,<br><br>          Defendants. | Civil No. 09cv1976 L(JMA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION AND FOR FAILURE TO SERVE COMPLAINT and GRANTING MOTION TO EXPUNGE LIS PENDENS [doc. #4]** |

Plaintiff, who is represented by counsel, filed his complaint and notice of lis pendens on September 9, 2009. A summons was issued at that time but nothing in the court's docket reflects service of process on defendants. Under Federal Rule of Civil Procedure 4(m), the complaint was required to be served no later than January 7, 2010. Failure to timely serve the complaint results in dismissal of the action without prejudice.

Further, the court may dismiss an action for want of prosecution pursuant to Civil Local Rule 41.1 which provides that "[a]ctions or proceedings which have been pending in this court for more than six months, without any proceedings or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the court." Plaintiff has taken no action since the filing of the complaint and therefore more than six months have passed since the complaint's filing.

On May 11, 2010, the Court set this OSC for dismissal for lack of prosecution and failure to serve the complaint. On that same date, defendants GMAC Mortgage, LLC and ETS Services, LLC filed a motion to expunge lis pendens that is set for hearing on July 6, 2010.

Plaintiff failed to appear at the order to show cause hearing to provide good cause for his failure serve and to prosecute this action. Accordingly, the Court will dismiss the action without prejudice.

Further, the Court will grant defendants' motion to expunge the lis pendens. A court "shall order the notice [of pendency] expunged if . . . the pleading on which the notice is based does not contain a real property claim." CAL. CIV. CODE § 405.31. A "real property claim" is defined, *inter alia*, as a cause of action "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property. . .." CAL. CIV. CODE § 405.4. Plaintiff bears the burden of establishing, by a preponderance of the evidence, the probable validity of the claims.

Because the operative complaint has been dismissed for failure to effectuate service of process and to prosecute this action, plaintiffs have alleged no "real property claim." The lis pendens therefore is properly expunged.

Based on the foregoing, **IT IS ORDERED** this action is **DISMISSED** without prejudice. **IT IS FURTHER ORDERED** the lis pendens plaintiff recorded on real property located at 555 Carrie Circle, San Marcos, California 92069 is **EXPUNGED.**

**IT IS SO ORDERED.**

DATED: June 14, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28